the evidence and showed on its face the objections made and the rulings of the court therein, and to such document was attached a statement of the rulings of the court upon the several motions made before and after the finding, and the propositions of law marked "held" and "refused."

4. MUNICIPAL COURT OF CHICAGO, § 26*—*judge authorized to extend time for presenting statement of facts.* Under paragraph 6 of section 23 of the Municipal Court Act, J. & A. ¶ 3335, any judge of that court may, within the thirty days allowed for presenting a statement of facts or stenographic report, enter an order extending the time for presenting the same to the trial judge.

---

## Anheuser-Busch Brewing Association, Plaintiff in Error, v. Frederick Kalthoff, Defendant in Error.

### Gen. No. 19,561.    (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. HUGH J. KEARNS, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1913. Reversed and remanded. Opinion filed October 8, 1914. Rehearing denied October 20, 1914.

### Statement of the Case.

Action by Anheuser-Busch Brewing Association, a corporation, against Frederick Kalthoff to recover a certain amount alleged to be due under the terms of a written contract between the parties.

By the terms of the contract the Brewing Association agrees to sell and deliver to Kalthoff and Kalthoff agrees to purchase from the Brewing Association "all the domestic draught beer needed and required" by him "for use and sale upon the premises known as 162 East Adams Street, Chicago, Illinois," during the period of five years from and after May 1, 1909, and Kalthoff agrees to pay for the same in cash upon delivery, at the current market price of the Association for such beer at the time of such delivery; that the Brewing Association shall pay three specified bills of

*See Illinois Notes Digest; Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Kalthoff's aggregating $1,325, one for painting and decorating the premises, another for beer and plumbing supplies, and the third for saloon fixtures; that if at any time during the specified term, Kalthoff "shall sell, assign, transfer or convey his interest in the business carried on upon said premises," he shall repay to the Brewing Association a *pro rata* share of said $1,325; and that he "shall have the right at any time after November 1, A. D. 1910, to terminate this agreement" by giving a written notice to that effect "and repaying to said second party such a *pro rata* share of said sum of One thousand three hundred and twenty-five ($1,325) Dollars as the then unexpired term of this agreement shall bear to the entire term."

At the time this agreement was made, Kalthoff was in possession of certain premises under a lease from a third party to him, for a term of five years, beginning March 1, 1909, and ending April 30, 1914, in which lease there was a clause reserving to the lessor the right to cancel the same on May 1, 1911, or any time thereafter, by giving the lessee six months' written notice of its intention so to do, and paying him, if so terminated between November 1, 1911, and November 1, 1912, the sum of $2,000. It was admitted upon the trial that the contract sued upon was drawn by the plaintiff's attorneys, with full knowledge, on their part, of the existence and terms of this lease. It was also admitted that the lessor served notice on November 16, 1911, of its intention to cancel the lease, and that on May 18, 1912, Kalthoff "surrendered and delivered up possession of said saloon to the lessor who thereupon tore down and removed the building within which the saloon in question was situate."

This suit was brought to recover back so much of the $1,325 paid by the plaintiff as the unexpired term of the contract bears to the whole term of five years. The defendant claimed that there is no provision in

the contract which expressly requires him to refund any part of the money thus advanced in case of a destruction of the premises, and that it was the duty of the plaintiff, under the circumstances, to have inserted a clause in the contract to cover that contingency, if it so desired. The court sitting without a jury found in favor of the defendant and entered judgment on the finding. To reverse the judgment, plaintiff prosecutes a writ of error.

GOLDZIER, RODGERS & FROEHLICH, for plaintiff in error.

THOMAS W. PRINDEVILLE, for defendant in error.

MR. PRESIDING JUSTICE FITCH delivered the opinion of the court.

### Abstract of the Decision.

1. SALES, § 64*—*provision as to termination of contract to supply needs of buyer construed.* Where a brewing company and a liquor dealer entered into a contract wherein the former agreed to furnish all of a certain kind of beer needed by the latter at certain leased premises for a specified time, and it was also agreed that the dealer should have the right to terminate the agreement after a certain time by giving notice and refunding to the company a pro rata part of the money advanced to the dealer as a bonus with which to fit up the premises, *held* that under a proper construction of the contract the dealer was required to make such refund though he was required to vacate the premises under his lease.

2. SALES, § 41*—*when contract not mere option.* Where a contract expressly provides that one party agrees to sell and deliver and that the other agrees to buy and pay for all of a certain kind of beer that may be needed by him for use and sale in his business at certain premises named for a specified period, such agreement is not a mere option, but is a binding and enforceable contract.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.